UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
LOVELL BELTON

                Plaintiff,

      - against -

THE STATE OF NEW YORK (for NYPD Transit Police District #30); JUDGE KATHERINE ROBERTS (DOE) (ALIAS – ANITA BAKER); MOTHER OF REGINALD (DOE); REGINALD (DOE); ALIAS ANITA BAKER; LORI FRANCES WHARTON (DOE); and LA-LISA SCHUDDER,

                Defendants.
----------------------------------------------------x

**NOT FOR PUBLICATION**

**ORDER**
19-MC-1242 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On August 31, 2007, the Honorable District Judge Raymond Dearie barred Plaintiff Lovell Belton ("Plaintiff") from filing any future action in this Court without first obtaining leave to do so. *Belton v. Horn*, No. 07-CV-2731, slip op. (E.D.N.Y. Aug. 31, 2007) (citing 28 U.S.C. § 1651). On May 2, 2019, Plaintiff commenced the instant action by submitting a complaint (Dkt. 1) and motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. 2). In the portion of the standard-form complaint in which Plaintiff was asked to state a claim, he wrote: "Each defendant acted/enacted unsuitably toward a respectful means." (Compl., at 6.) Identifying federal question as the basis on which this Court exercises jurisdiction, Plaintiff states that this Court has jurisdiction based on the following federal statutes, federal treaties, and/or provisions of the United States Constitution: "1. Insufficient Credit Report" and "2. Lack of aided medical payment on two different times." (*Id.* at 5.) Finally, Plaintiff seeks relief in the form of "one zillion dollars and whatever deemed suitably recovering by said/alleged claim with restoration to credit any feasible housing of domestic nature." (*Id.* at 7.)

1

Plaintiff's submissions to this Court do not provide any valid reason to allow this action to proceed. Thus, Plaintiff's application for leave to file is denied. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (quotations and brackets omitted)); *Keyes v. Quinn*, No. 17-CV-6429 (JMA), 2017 WL 6570869, at *3 (E.D.N.Y. Dec. 22, 2017) (dismissing complaint because "[e]ven affording plaintiff's submissions a liberal construction, the Court finds that they lack an arguable basis in law and fact and are thus frivolous"). Accordingly, the Court's order barring Plaintiff from filing any future IFP complaints without first seeking leave to do so remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 13, 2019
      Brooklyn, New York